IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-00260-01-CR-W-BP |
| ) | |
| CHARLES A. SMITH, ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

A grand jury returned an indictment (the "Indictment") charging Defendant Charles Smith with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 13.) Defendant thereafter filed a motion to dismiss the Indictment, claiming that it violates the Second Amendment, which protects "the right of people to keep and bear arms." (Doc. 31.) Defendant asserted a facial challenge to the statute prohibiting felons from possessing firearms (the "Statute"), arguing that it is inconsistent with language of the Amendment and conflicts with the requirement that restrictions on firearm possession be "consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2126, 2135 (2022). Defendant further claimed it is a procedural due process violation that the federal government does not offer a mechanism to restore his firearm ownership rights. Finally, Defendant contended that the statute is overbroad because it applies to all felons, not just dangerous felons.

On December 11, 2025, the Honorable Lajuana M. Counts issued a Report recommending that Defendant's Motion to Dismiss Indictment be denied. (Docs. 34.) No party objected to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1)(C); Local Rule 74.1(b)(5). The Court has nonetheless conducted a de novo review of the Record and Judge Counts' Report

and agrees with her conclusions, specifically that (1) the statute is consistent with the requirements of *Bruen* and does not violate the Second Amendment, according to *United States v. Jackson*, 110 F.4th 1120, 1125-1126, 1129 (8th Cir. 2024); (2) Defendant is not entitled to a procedural mechanism to restore his firearm rights, and (3) the statute is not substantially overbroad, *see United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023). Therefore, Judge Counts' Report and Recommendation is **adopted in its entirety**, and Defendant's Motion to Dismiss Indictment, (Doc. 31), is **DENIED**.

**IT IS SO ORDERED.**

DATE: December 30, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT